■ In the Matter of MATTIE B. WOODS, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated October 16, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's public assistance in the category of home relief. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to reimburse petitioner for any sums which may have been withheld. Petitioner, who was privately employed as a domestic for 32 hours a month, was discontinued from public assistance pursuant to 18 NYCRR 385.7 (a) for her alleged refusal to accept a work assignment from the Public Works Project of the Nassau County Department of Social Services (the local agency) of an additional 33 hours a month. The local agency computed this figure on the basis of its conclusion that petitioner was medically fit for half-time employment, since full-time employment (allegedly pursuant to "Bulletin No. 26") was 130 hours a month. Petitioner claimed that she was medically unfit to work beyond her limited private employment. At the fair hearing she testified that she was told this by her physician when she had presented to him for completion the medical report form (provided by the local agency). The report included a paragraph entitled "employability" with provision, by placing a check mark in the appropriate box, for choosing one of three possibilities: "capable of working full time", "capable of working half-time only", or "not capable of working in any capacity". Petitioner's physician checked the second box, and added a caveat against "lifting and pushing heavy objects." His report stated that due to a back injury sustained 12 years earlier, she has degenerative changes and muscle spasms. Without a medical examination of its own, or an examination of petitioner's physician's medical records, the local agency's physician concluded that petitioner could work an additional 33 hours a month. Petitioner refused to accept a public works project assignment. We note

that 18 NYCRR 385.1 (a) (upon which the medical report form is apparently based) provides, *inter alia,* that a home relief "applicant or recipient shall be determined employable unless such person is (1) employed full-time or *part-time* to the extent permitted by medical verification" (emphasis supplied). Obviously, "part-time" does not exclude quarter time, or fifth time. While, of course, it would be impossible for the form to include every fraction, it was misleading and contrary to the State commissioner's regulations for the local agency to limit the physician's choice as to part-time employment to half time. At the least, it should have indicated "other", with provision for the physician to state his own fraction or percentage. The fact that petitioner's physician checked the closest choice available to him, "half-time", does not demonstrate that he would have excluded any other fraction. Knowing that petitioner was working eight hours a week, it would have been irrational for him to check "not capable of working in any capacity". Nor could he, in view of his personal knowledge of petitioner's back condition, check "capable of working full time". It is not surprising that a physician, faced with the apparently routine chore of filling out a form for a patient, would fail to conceptualize a choice other than the ones provided by the social services agency. Under these circumstances the State commissioner's determination is not supported by substantial evidence. Damiani, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.